HAWKINSON YANG LLP
David Yang (SBN 246132)
dyang@hycounsel.com
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 213-634-0341

SEED INTELLECTUAL PROPERTY LAW GROUP LLP
Jeffrey E. Danley (SBN 238316)
jeff.danley@seedip.com
Emily M. Ross (SBN 339495)
emily.ross@seedip.com
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Telephone: 206-622-4900

*Attorneys for Defendant*
*BILLDON LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT BAKER,<br><br>Plaintiff,<br><br>v.<br><br>BILLDON LLC (DBA BILLY FOOTWEAR)<br><br>Defendant. | Case No. 2:25-cv-10286-HDV-MBK<br><br>**DEFENDANT BILLDON LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: June 4, 2026<br>Time: 10:00 AM<br>Courtroom: 5B<br><br>The Honorable Hernan D. Vera<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

- a. The Sale of Products Through Billdon's Website into this Jurisdiction Does Not Create Proper Venue .......... 2
- b. The Sale of Billdon's Products Through Third-Party Stores Does Not Create Proper Venue .......... 3
- c. Billdon's "Store Location" Feature on Its Website, Which Directs Customers to Third-Party Locations, Also Does Not Create Venue .......... 5

III. CONCLUSION .......... 5

# TABLE OF AUTHORITIES

## CASES

*3D Scan Guide, LLC v. Chrome Full Arch Guided Sys.*, No. 2:23-CV-00194-JRG, 2024 WL 1117933, (E.D. Tex. Mar. 14, 2024) .... 4

*Cstechus, Inc. v. NorthernZone, LLC*, No. 21-cv-00122-H-AHG, 2021 WL 6622290 (S.D. Cal. Dec. 1, 2021) ....... 2

*Fox Factory, Inc. v. SRAM, LLC*, No. 3:16-cv-00506-WHO, 2018 WL 317839 (N.D. Cal. Jan. 8, 2018) .......... 2

*In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017) .......... 1, 2

*Inhale, Inc. v. Gravitron, LLC*, 2018 WL 5880192 (C.D. Cal. Sept. 5, 2018) .......... 5

*Koss Corp. v. Skullcandy, Inc.*, No. 6-20-CV-00664-ADA, 2021 WL 1226557 (W.D. Tex. Mar. 31, 2021) .. 4

*Optic153 LLC v. Thorlabs Inc.*, No. 6:19-cv-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) .... 2

*Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 3755446 (N.D. N.Y. 2019) .......... 4

*Skull Shaver, LLC v. The Cut Buddy*, No. 2:24-cv-10116, 2025 WL 4066528 (D.N.J. Oct. 14, 2025) .......... 3

## RULES

Fed. R. Civ. P. 12(b)(3) .......... 1, 5

## STATUTES

28 U.S.C. §1400(b) .......... 3

## I. INTRODUCTION

Plaintiff attempts to satisfy its burden of showing proper venue in this district by misconstruing the controlling case law and pointing to irrelevant facts. In so doing, Plaintiff ignores the key point that makes venue here improper: Billdon has no "regular and established place of business" that is "of the defendant" in this District.

At best, Plaintiff alleges that Billdon has "ongoing commercial activities" through third-party retailers that have physical stores in this District, but even these arguments in the Opposition (D.I. 35; "Opp.") tacitly admit that Billdon does not exercise control over the placement of its products in those physical third-party stores. Plaintiff's arguments thus fail as a matter of law because they ignore the venue requirements laid out by the Federal Circuit in *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Accordingly, Billdon respectfully requests that the Court dismiss Plaintiff's First Amended Complaint under Rule 12(b)(3) for improper venue. To the extent the Court determines that transfer is appropriate, Billdon requests transfer to the Western District of Washington.

## II. ARGUMENT

The parties agree that Billdon does not have a regular and established place of business within this District. In an attempt to satisfy its burden on this necessary venue requirement, Plaintiff argues that venue is nonetheless proper because Billdon (i) sells products into this District through its website, (ii) sells products through third-party retailers that operate stores in this District, and (iii) maintains a "store locations" page that directs customers to third-party retailers' physical locations in this District. *See* Opp. at 3-5. None of these assertions, even if taken as true, satisfies Plaintiff's burden in establishing venue. For this reason, as discussed in more detail below, Billdon's motion to dismiss for improper venue should be granted.

**a. The Sale of Products Through Billdon's Website into this Jurisdiction Does Not Create Proper Venue**

Plaintiff argues that Billdon's online sales to customers in this District are sufficient for finding proper venue. *See, e.g.,* Opp. at 3, 5. Not so; indeed, accepting such an argument effectively reads out the requirement from *In re Cray* that venue be based on a finding that there is a *physical place* in the district. *See* 871 F.3d at 1360. Another court rejected similar arguments that online sales can establish venue because online sales "do not show that the defendant has a physical place in this district." *See Cstechus, Inc. v. NorthernZone, LLC*, No. 21-cv-00122-H-AHG, 2021 WL 6622290 (S.D. Cal. Dec. 1, 2021). So too here – the fact that Billdon may use its online presence to sell products to customers here or anywhere else has no bearing on whether venue is proper for this litigation.

In making this argument, Plaintiff collapses venue into personal jurisdiction, something the Federal Circuit has specifically cautioned against. *In re Cray*, 871 F.3d at 1361 ("Courts should be mindful of this history in applying the statute and be careful not to conflate showings that may be sufficient for other purposes, *e.g.*, personal jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases."). Elsewhere in its opposition, Plaintiff makes similar arguments that appear to be directed toward personal jurisdiction but that are irrelevant to finding venue. For example, Plaintiff argues that Billdon's "ongoing commercial activity directed to consumers within this District" is sufficient to establish venue. *See, e.g.,* Opp. at 4. Again, the extent to which Billdon directs "ongoing commercial activity" to this District is not a factor for determining proper venue here. *See, e.g.*, *Optic153 LLC v. Thorlabs Inc.*, No. 6:19-cv-00667-ADA, 2020 WL 3403076 (W.D. Tex. June 19, 2020) (holding that "[t]he mere fact that Defendant is registered and earns revenue in Texas has no bearing on the Court's venue analysis"); *see also Fox Factory, Inc. v. SRAM, LLC*, No. 3:16-cv-00506-WHO, 2018 WL 317839, at *3 (N.D. Cal. Jan. 8, 2018) (holding that

"courts have found that a corporate defendant must have more contact with a venue than simply doing business there" (citation modified)). Plaintiff's personal-jurisdiction-focused arguments should therefore be rejected.

**b. The Sale of Billdon's Products Through Third-Party Stores Does Not Create Proper Venue**

Plaintiff next argues that the sale of Billdon's products through third-party stores creates proper venue. *See* Opp. at 3-4. Courts have routinely rejected such an argument that the sale through third-party stores, standing alone, establishes venue under §1400(b). In *Skull Shaver, LLC v. The Cut Buddy*, for example, the district court rejected the similar argument that the sale of the defendant's products through third-party retail locations such as Walmart or CVS conferred proper venue. *See* No. 2:24-cv-10116, 2025 WL 4066528 (D.N.J. Oct. 14, 2025). The plaintiff in *Skull Shaver* did not show that the defendant had "actually leased such shelf space and has an employee or agent regularly conducting business at the location." *Id.* at *3. As that court noted, "it is not enough to merely occupy the shelf space of a third-party business." *Id.* at *4.

The same analysis applies here. Plaintiff has not shown that Billdon leases any space or shelves within this District, nor does Plaintiff attempt to show that Billdon has any employees within this District conducting business. Such an argument would run contrary to the statements made in Darin Donaldson's declaration, in which Mr. Donaldson provided sworn testimony that Billdon:

- "[D]oes not own or operate any brick-and-mortar retail stores";
- "[D]oes not have any employees, offices, or places of business in this District or the state of California"; and
- "[D]oes not own, rent, use, or lease any physical property located in this District or the state of California."

*See* Donaldson Decl. [D.I. 34-2] at ¶¶8-10.[1] Plaintiff failed to rebut these statements with any evidence to the contrary; accordingly, these statements establish that venue is not proper here. *See, e.g., Koss Corp. v. Skullcandy, Inc.*, No. 6-20-CV-00664-ADA, 2021 WL 1226557, at *3 (W.D. Tex. Mar. 31, 2021) (rejecting argument that court should disregard statements made in a declaration regarding proper venue when the opposing party "failed to rebut these statements with any evidence to the contrary").

The cases in which courts have found proper venue based on sales made at third-party locations differ significantly from the situation here because in those cases, the defendant was shown to exercise control over the third-party locations that transform them into "regular and established places of business" of the defendant. *See, e.g.*, *Rensselaer Polytechnic Inst. v. Amazon.com, Inc.*, 2019 WL 3755446, *10-*14 (N.D. N.Y. 2019) (finding that Amazon's placement of "lockers" in certain third party stores were "of the defendant" where "Defendant enjoys significant control over the placement of the Lockers; controls the ongoing operation of the Lockers; trains the carriers who deliver its products to the Lockers; and has engaged service technicians physically located in this District to be available 24/7 to maintain and service the Lockers"); *3D Scan Guide, LLC v. Chrome Full Arch Guided Sys.*, No. 2:23-CV-00194-JRG, 2024 WL 1117933, at *3-4 (E.D. Tex. Mar. 14, 2024) (finding a place to be "of the defendant" where defendant "exercises interim control over each [third-party location]'s activities and holds out to the public that [defendant]'s CHROME services and products are being offered at each [third-party location]"). As explained in Billdon's motion, Billdon does not exercise the level of control required to consider a third-party retail location to be its regular and established place of business. *See* Mot. at 4-5. This basis for venue should also be rejected.

---

[1] Plaintiff's attempt to (mis)characterize Billdon's position as resting on a lack of a "traditional corporate office within the District," Opp. at 4, clearly runs contrary to the sworn statements made by Mr. Donaldson in his declaration.

**c. Billdon's "Store Location" Feature on Its Website, Which Directs Customers to Third-Party Locations, Also Does Not Create Venue**

Plaintiff's final attempt at showing proper venue rests on the "Store Locations" page on Billdon's website, which, even as Plaintiff admits, directs potential customers to third-party retail locations that sell Billdon's shoes. *See* Opp. at 3-5. This argument, though, fares no better than the previous two because it assesses facts that are not relevant to determining proper venue. Importantly, Billdon does not claim that any of the third-party retailers listed on its store locator page are its own, nor does it hold itself out as doing business in the District; indeed, the page itself characterizes the locations as "independent retailers." *See* Ex. 1. Courts in similar situations have found such acts to be insufficient for creating venue. *See Inhale, Inc. v. Gravitron, LLC*, 2018 WL 5880192, at *3-4 (C.D. Cal. Sept. 5, 2018) (finding no "regular and established place of business" where defendant's website identified independent "partner" stores that carried its products) (listing cases). As in *Inhale*, plaintiff here "alleges no facts that might indicate that Defendant has any control over those" third-party stores. *Id.* at *4. Moreover, if selling products through third-party stores is insufficient for creating venue, then certainly directing people to third-party store locations should also be insufficient. Accordingly, Billdon does not have a regular and established place of business in this District, and venue here is improper.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Billdon's Motion to Dismiss under Rule 12(b)(3).

//

**L.R. 11-6.2. Certificate of Compliance**

The undersigned, counsel of record for Defendant Billdon LLC, certifies that this brief contains 1,526 words, which complies with the word limit of L.R. 11-6.1.

DATED: May 21, 2026

*/s/ David Yang*
David Yang

HAWKINSON YANG LLP
David Yang (SBN 246132)
dyang@hycounsel.com
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 213-634-0341

SEED INTELLECTUAL PROPERTY
LAW GROUP LLP
Jeffrey E. Danley (SBN 238316)
jeff.danley@seedip.com
Emily M. Ross (SBN 339495)
emily.ross@seedip.com
701 Fifth Avenue, Suite 5400
Seattle, WA 98104
Telephone: 206-622-4900

*Attorneys for Defendant*
*BILLDON LLC*

#11536499.4